IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY CORDREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-395-JPG |
| ) | |
| ROGER WALKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In his complaint (Doc. 1), filed June 6, 2005, Plaintiff named 24 defendants and made various allegations against these individuals involving events that occurred from May 11, 2004, through March 28, 2005. These allegations include disciplinary actions against him, assault by another inmate, use of excessive force, and denial of medical care.

Now pending before the Court is Plaintiff's motion to amend the complaint (Doc. 12). In this motion, he states that he inadvertently omitted Lieutenant Ashby as a defendant in this action, and that he mistakenly identified Ashby as Brockman in his complaint. This motion is accompanied by one page providing the jurisdictional information about Ashby, a replacement first page of the complaint that includes Ashby in the caption, and replacements for page 8 and 9 of the complaint where Ashby's name has been included in the appropriate places. The Court finds that no party would be prejudiced by allowing this amendment; therefore, this motion is **GRANTED**. The Clerk shall **ADD** Ashby as a defendant in the docket of this action.

### FACTS ALLEGED

This action begins with an incident that occurred on May 11, 2004. While Menard was on two-day lock-down, inmates were required to produce a urine sample. Plaintiff states that no water

was available during the lock-down that would facilitate this demand; therefore, he was unable to provide a sample on demand and thus refused to comply with the test. He received a disciplinary ticket, which resulted in punishment of six months segregation, six months at C-grade, six months loss of commissary privilege and contact visits, three months loss of yard privilege, and the revocation of three months of good conduct credit.

Upon reinstatement of his yard privilege, Plaintiff was taken to the segregation yard on August 20, 2004. While his handcuffs were being removed, he was suddenly assaulted by Inmate Sullivan. Plaintiff managed to free one of his hands in order to respond to this attack; officers present in the yard fired off rounds of mace to interrupt the fight. As the inmates were separated, Plaintiff was shoved to the ground, where he struck his rib cage. After handcuffs were reattached, Plaintiff was taken to the medical unit, where he was examined and the traces of mace were washed off before he was returned to his cell. Following this incident, Plaintiff received a disciplinary ticket for fighting; he was punished with three months in segregation, three months at C-grade, and three months loss of commissary and yard privilege.

### CLAIMS PRESENTED

Each of Plaintiff's 15 enumerated paragraphs is identified as a separate claim. However, many of these so-called claims involve one or more of the general themes identified above. Therefore, to facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Pitts, Willis, Wine, Locke, Wilson, Uchtman, Walker,

       Middendorf, Murray, Fairchild, and Benton for an unfair disciplinary proceeding against him, in violation of his rights under the Eighth Amendment (¶¶ 1-8).

**COUNT 2:** Against Defendants Meterhoff, Meyer, Brookman, Inman and Ashby for use of excessive force, in violation of his rights under the Eighth Amendment (¶¶ 9-10).

**COUNT 3:** Against Defendants Willis, Duvall, Meterhoff, Meyer, Spiller, Inman, Wilson, Locke, Hinsley, Middenford, Walker, Benton for an unfair disciplinary proceeding, in violation of his rights under the Eighth Amendment (¶¶ 11-13).

**COUNT 4:** Against Defendants Moore, Aquinaldo, Middendorf, Grubman, Hinsley, Benton and Walker for denial of medical treatment, in violation of his rights under the Eighth Amendment (¶¶ 14-15).

**COUNT 5:** Against Defendants Murray and Uchtman for failure to protect him from future assault, in violation of his rights under the Eighth Amendment (¶ 15).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**THREE STRIKES**

The Court notes that Plaintiff's request for leave to proceed *in forma pauperis* was initially denied, based upon a finding that he was barred from proceeding as a pauper due to his accumulation of three or more strikes. *See, e.g., Cordrey v. Washington*, Case No. 01-cv-1235 (C.D.Ill., filed May 24, 2001) (*in forma pauperis* status denied for failure to establish imminent danger); *Cordrey v. Washington*, Case No. 00-cv-2070 (N.D.Ill., filed April 4, 2001) *(in forma pauperis* status denied for failure to establish imminent danger); *Cordrey v. Amdor*, Case No. 00-cv-1137 (C.D.Ill., filed April 12, 2000) (dismissed as legally frivolous); *Cordrey v. Snyder*, Case No. 99-cv-1458 (N.D.Ill., filed July 27, 1999) (dismissed for failure to state a claim). Plaintiff responded by arguing that he was in imminent danger of serious physical harm; he believes that he is in danger of future assault from Inmate Sullivan (Doc. 9). The Court found that argument persuasive and then granted his motion to proceed *in forma pauperis* (Doc. 10).

That grant of pauper status, however, pertains only to the claim regarding the potential for future assault from Sullivan (Count 5). Plaintiff clearly is not in imminent danger due to either of the disciplinary proceedings mentioned in this action; accordingly, Count 1 and Count 3 are dismissed from this action. Plaintiff may proceed with those claims only if he pays the full $250 filing fee for this action.

As for the claims in Count 2 and Count 4, the Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those harms that had already occurred." *Abdul-Akbar*

*v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

As summarized above, Count 2 is a claim of excessive force, due to officers' actions in disrupting the fight between Plaintiff and Sullivan. That incident was an isolated event that constitutes a harm "that had already occurred" at the time this action was filed; thus it does not fall under the "imminent danger" exception to the three-strikes rule. Similarly, Count 4 complains of Defendants' failure to provide him with his desired medical treatment; apparently x-rays were not taken despite his belief that it was necessary. Also, during the fight with Sullivan, his denture plate was broken; although it was eventually replaced, that replacement took longer than desired. Neither of these claims rises to the level of imminent danger as defined by the Seventh Circuit; therefore, Count 2 and Count 4 are also dismissed from this action. As with Count 1 and Count 3, Plaintiff may proceed with these claims only if he pays the full $250 filing fee for this action.

## COUNT 5

The only claim remaining is the final claim tucked into the last portion of paragraph 15; Plaintiff fears that he may be subjected to future assault by Sullivan. Given the unprovoked attack by Sullivan on August 20, the Court can empathize with his apprehension. The problem with this claim, though, is that nowhere in the complaint does Plaintiff identify any particular defendant who had responsibility for keeping him separated from Sullivan. Thus, on the face of the complaint, he has failed to state a claim upon which relief may be granted.

This defect in pleading is not corrected by any of the exhibits attached to the complaint, nor by the exhibits filed on June 15, 2005 (Doc. 5). Subsequent pleadings, however, do shed a little light on this claim. In his motion for reconsideration (Doc. 9), Plaintiff mentions that Internal Affairs was aware of his problems with Sullivan; he also attaches a letter from the assistant warden, Allen Martin, which indicates that as of June 22, 2005, Plaintiff had not formally declared Sullivan to be an enemy. Unfortunately, this information contained in a motion does not cure the pleading defect

in the complaint.

Since the initiation of this action, Plaintiff has filed several documents that in some way supplement the complaint (Docs. 11, 17, 18, 19); these documents offer more assistance in identifying potential defendants. In the first (Doc. 11), Plaintiff states that he filed a grievance in June 2005 regarding Sullivan's proximity; it appears that grievance was addressed and rejected by Tyrone Murray, G. Summers, and Alan Uchtman.

Other documents indicate that Plaintiff later declared Sullivan an enemy (Docs. 17, 18, 19); apparently this information was made known to the above-listed individuals, as well as to Charles Fasano (who is not an employee of the I.D.O.C.). Therefore, for purposes of this order, Murray and Uchtman are the only relevant Defendants; Martin, Summers and Fasano are not named as Defendants in this action.

> Rule 8(a)(2) [of the Federal Rules of Civil Procedure] requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that this action does not provide such a short and plain statement of this claim, as it requires the Court and defendants "to forever sift through its pages" to determine which

allegations are made against each defendant. Proceeding with the instant complaint and assorted supplements also "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."

Accordingly, as pleaded in the complaint, Plaintiff has failed to state a claim upon which relief may be granted, and Count 5 is dismissed from this action without prejudice. Plaintiff may cure this defect by filing an amended complaint. Any amended complaint shall be limited solely to Plaintiff's claim that he is in danger of assault by Inmate Sullivan. Exhibits and case law citations are unnecessary; Plaintiff simply shall state, as clearly as possible, his specific allegations identifying which Defendants have taken action, or failed to take action, such as would subject Plaintiff to potential harm by Sullivan.

**OTHER PLEADINGS**

The pleadings and exhibits contained in Docs. 14-16 involve a disciplinary incident that occurred on September 13, 2005, and they have no relation to Plaintiff's potential problems with Sullivan. Moreover, this incident does not rise to the level of "imminent danger," and it is dismissed from this action. Plaintiff may proceed on this claim only by filing a separate lawsuit and paying the full filing fee.

Likewise, the allegations in Plaintiff's most recent filings (Doc. 26, 27) involve an altercation with Inmate White in February 2006. This claim has no relation to Plaintiff's potential problems with Sullivan, nor does this incident rise to the level of "imminent danger;" it is also dismissed from this action. Plaintiff may proceed on this claim only by filing a separate lawsuit and paying the full filing fee.

**OTHER DEFENDANTS**

Plaintiff names Inmate Sullivan as a defendant in this action. However, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States, and must show that the alleged deprivation was committed by a **person acting under color of state law.** *West v. Atkins*, 487 U.S. 42, 49 (1988).  A fellow inmate is not a person acting under color of state law; accordingly, Sullivan is dismissed from this action with prejudice.

Plaintiff also lists C/O Withoff and Mr. Maxwell as defendants in the caption of his complaint.  However, the statement of claim does not include any allegations against these defendants.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).  Accordingly, Withoff and Maxwell are dismissed from this action with prejudice.

**MOTION FOR RECONSIDERATION (DOC. 28)**

As one final matter, the Court now examines a letter from Plaintiff to the Clerk that was construed as a motion for reconsideration of this Court's prior order (Doc. 24) that denied two prior motions for reconsideration (Docs. 20, 21).  Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure.  In *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992), the Seventh Circuit noted that "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).  The order in question (Doc. 24) was entered in this action on June 13, 2006, but the instant motion was not filed until July 19, 2006, well after the 10-day period expired.  *See* FED.R.CIV.P. 59(e).  Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of

the Federal Rules of Civil Procedure, which provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). In the instant motion, Plaintiff states that in addition to the Land of Lincoln Legal Assistance Foundation, he also sought representation from the ACLU and the Uptown People's Law Center; each of these organizations also turned down his request. He asserts that he submitted documentation to that effect, which the Court overlooked.

Plaintiff's first motion for appointment of counsel (Doc. 3) contains no documentation regarding any attempts to retain counsel. His second such motion (Doc. 13) contains a rejection letter from the Chicago branch of the ACLU, a fact that was noted by the Court (*see* Doc. 20). In one of his motions for reconsideration (Doc. 22), Plaintiff attached a rejection letter from the Land of Lincoln Legal Assistance Foundation; that fact was also noted by the Court (*see* Doc. 24). The Court has now searched through each page of the file, and there is no documentation regarding the Uptown People's Law Center. Therefore, the Court committed no clerical or administrative error in noting only the exhibits regarding the ACLU and Land of Lincoln; accordingly, the instant motion is **DENIED**.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2, COUNT** 3 and **COUNT 4** are **DISMISSED** from this action. Dismissal is *without prejudice* to Plaintiff proceeding with this claims only if he pays the full $250 filing fee for this action within thirty days of the date of entry of this order. If he fails to pay the filing fee within the allotted time, dismissal will change to a dismissal *with prejudice*.

**IT IS FURTHER ORDERED** that **COUNT 5** is **DISMISSED** from this action without prejudice to Plaintiff filing an amended complaint within **THIRTY (30) DAYS** of the date of entry

of this order.  Any amended complaint shall be limited solely to Plaintiff's claim that he is in danger of assault by Inmate Sullivan.  Exhibits and case law citations are unnecessary; Plaintiff simply shall state, as clearly as possible, his specific allegations identifying which Defendants have taken action, or failed to take action, such as would subject Plaintiff to potential harm by Sullivan.

**IT IS FURTHER ORDERED** that Defendants **MAXWELL, SULLIVAN** and **WITHOFF** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that any amended complaint filed by Plaintiff that is not in strict compliance with this order shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to file an amended complaint in strict compliance with this Memorandum and Order, this action will be dismissed with prejudice for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court.  FED.R.CIV.P. 12(b)(6), 41(b).

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: August 23, 2006.**

              s/ J. Phil Gilbert
              **U. S. District Judge**