IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNY CORDREY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  **CIVIL NO. 05-395-JPG** |
| | ) |
| **ROGER WALKER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In an order entered August 23, 2006 (Doc. 29), the Court dismissed most of Plaintiff's claims and directed him to file an amended complaint on the remaining claim within 30 days. As stated in that order,

> The only claim remaining is the final claim tucked into the last portion of paragraph 15; Plaintiff fears that he may be subjected to future assault by Sullivan. Given the unprovoked attack by Sullivan on August 20, the Court can empathize with his apprehension. The problem with this claim, though, is that nowhere in the complaint does Plaintiff identify any particular defendant who had responsibility for keeping him separated from Sullivan. Thus, on the face of the complaint, he has failed to state a claim upon which relief may be granted.

After reviewing several supplements filed in this action, the Court surmised that the relevant defendants might be Murray and Uchtman. However, the Court also found that "[p]roceeding with the instant complaint and assorted supplements also 'makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.' " The Court then concluded:

> Accordingly, as pleaded in the complaint, Plaintiff has failed to state a claim upon which relief may be granted, and Count 5 is dismissed from this action without prejudice. Plaintiff may cure this defect by filing an amended complaint. Any amended complaint shall be limited solely to Plaintiff's claim that he is in danger of assault by Inmate Sullivan. Exhibits and case law citations are unnecessary; Plaintiff simply shall state, as clearly as possible, his specific allegations identifying which

>Defendants have taken action, or failed to take action, such as would subject Plaintiff to potential harm by Sullivan.

Instead of filing an amended complaint as directed, Plaintiff appealed (Docs. 30, 33); the appeal has now been dismissed for failure to pay the appellate filing fee (*see* Doc. 46).

Currently pending before the Court is Plaintiff's motion for reconsideration (Doc. 43). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted). The order in question (Doc. 29) was entered in this action on August 23, 2006, but the instant motion was not filed until November 3, 2006, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to

redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In his instant motion, Plaintiff states that it is pointless for him to prepare an amended complaint in this action, as he is currently incarcerated in the Pontiac Correctional Center. Therefore, he believes he is no longer is in danger of assault from Inmate Sullivan. A decision not to file an amended complaint is Plaintiff's choice and, in this situation, such a decision is tantamount to a decision to voluntarily dismiss this action. *See* FED.R.CIV.P. 41(a)(1)(i). It is also a willful decision to not comply with a court order.

In his instant motion, Plaintiff points out that should he be returned to Menard, he may once again be in danger of assault from Sullivan. He may be correct. Should events turn in that direction, though, those events will be very far removed in time from the original incident with Sullivan in 2004. Therefore, should such events materialize as Plaintiff anticipates, he would need to present those claims in a new, separate lawsuit.

In summary, Plaintiff's complaint does not survive review under § 1915A, and Plaintiff has not filed an amended complaint to cure the defects in his original complaint. Accordingly, this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is advised that the dismissal of this action will count as yet another "strike" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: December 15, 2006.**

               **s/ J. Phil Gilbert**
               **U. S. District Judge**